NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ADAM GOODMANN, | : | |
| | : | Civ. No. 04-5861 (GEB) |
| Plaintiff, | : | |
| | : | **MEMORANDUM OPINION** |
| v. | : | |
| | : | |
| HASBROUCK HEIGHTS SCHOOL | : | |
| DISTRICT, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**BROWN, District Judge**

This matter comes before the Court upon certain motions filed by *pro se* Plaintiff Adam Goodmann ("Plaintiff") appealing Magistrate Judge Bongiovanni's discovery Orders entered April 25, 2005 [Docket Entry #17] and September 1, 2005 [Docket Entry # 39]. The Court decided the motions without oral argument pursuant to Federal Rule of Civil Procedure 78. Having considered the written submissions, and for the reasons set forth below, this Court affirms.

## I.      BACKGROUND

Plaintiff commenced this action on November 29, 2004 against Defendants Hasbrouck Heights School District ("the District") and Alan C. Stephens, Esq., Deputy Attorney General for the State of New Jersey ("Stephens") (collectively referred to as "Defendants"). Plaintiff alleges due process, breach of contract, and wrongful discharge claims as a result of the termination of his employment as a teacher.

By letter dated April 16, 2005, Plaintiff filed an informal motion objecting to Interrogatories 14 and 15 on the grounds of attorney-work product, overbroadness, duplicity and availability by other means.  Defendants opposed the motion.  On April 25, 2005 Magistrate Judge Bongiovanni issued an Order denying Plaintiff's motion and instructing Plaintiff to respond to the Interrogatories by May 25, 2005.

Thereafter, Defendants filed an informal motion seeking to compel production of Plaintiff's hospital records of February 2003.  Defendants argued that Plaintiff waived any physician-patient privilege by placing his medical condition at issue, after asserting that "at least one of his absences from work was the result of a medical condition for which he was hospitalized."  (Judge Bongiovanni's Sept. 1, 2005 Order).  Plaintiff argued that he did not waive the privilege, and that the records were irrelevant.  Judge Bongiovanni concluded that the privilege was waived and ordered that Plaintiff produce these documents by September 19, 2005, or he would be precluded from testifying at trial as to the medical conditions.  Plaintiff now appeals both Orders.[1]  The Court will address each one it turn.

## II.    DISCUSSION

### A.    Standard of Review

A district court may reverse a magistrate judge's determination of a non-dispositive issue

---

[1]  On September 7, 2005, Plaintiff filed a motion entitled "Motion For Reconsideration of The Magistrate's Injunctive Discovery Order And Consideration Of Additional Matters" [Docket Entry #39].  By letter dated September 23, 2005, Plaintiff informed the Court that the motion for reconsideration was actually an appeal of the magistrate judge's September 1, 2005 decision.

only if it is "clearly erroneous or contrary to law."[2] 28 U.S.C. § 636(b)(1)(A); *see also* FED. R. CIV. P. 72(a); L. CIV. R. 72.1(c)(1); *see also*, *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1113 (3d Cir. 1986), *cert. denied*, 484 U.S. 976 (1987); *Lithuanian Commerce Corp. v. Sara Lee Hosiery*, 177 F.R.D. 205, 213-14 (D.N.J.1997). A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Lo Bosco v. Kure Eng'g Ltd.,* 891 F. Supp. 1035, 1037 (D.N.J. 1995) (quoting *United States v. U. S. Gypsum Co.,* 333 U.S. 364, 395 (1948). A district court may not take into consideration any evidence that was not put forth before the magistrate judge when reviewing the magistrate judge's factual determination. *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 92 (3d Cir. 1992). Under the clearly erroneous standard, the reviewing court will not reverse the magistrate judge's determination even if the court might have decided the matter differently. *Cardona v. Gen. Motors Corp.*, 942 F. Supp. at 971 (quoting *Toth v. Alice Pearl, Inc.*, 158 F.R.D. 47, 50 (D.N.J. 1994). The court, however, will review a magistrate judge's legal conclusions under *de novo* review. *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998) (citations omitted).

"Where a magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of that discretion." *Id.*; *see also* 12 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 3069 (2d ed. 1997) ("many matters such as discovery scheduling or disputes might better be characterized as suitable for an abuse-of-discretion analysis"). The deferential standard of review is particularly

---

[2] A party objecting to a magistrate judge's order may, within ten days of service of the order, serve and file objections with the district judge. FED. R. CIV. P. 72(a); L. CIV. R. 72.1(c)(1)(A).

appropriate in the case where the magistrate judge managed the case from the outset, and thus has a thorough knowledge of the proceedings. *Cooper Hosp.*, 183 F.R.D. at 127 (quoting *Public Interest Research Group v. Hercules, Inc.*, 830 F. Supp. 1525, 1547 (D.N.J. 1993), *aff'd on other grounds and rev'd on other grounds*, 50 F.3d 1239 (3d Cir.1995)).

**B.      April 25, 2005 Order Regarding Interrogatories 14 and 15**

In Plaintiff's letter application to the magistrate judge dated April 16, 2005, Plaintiff objected to answering Interrogatories 14 and 15 on the grounds of attorney-work product, overbroadness, duplicity and availability by other means. The magistrate judge determined that "the facts Plaintiff intends to rely upon to support the allegations of his Complaint are fully discoverable and not subject to the protections of the attorney work product doctrine." (Judge Bongiovanni's April 25, 2005 Order).

The Court concludes that the ruling was not clear error, nor contrary to law. The Interrogatories clearly do not seek disclosure of attorney work-product. This doctrine, which was first enunciated in *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947) and subsequently codified in Federal Rule of Civil Procedure 26(b)(3), protects against disclosure of an attorney's "mental impressions, conclusions, opinions, or legal theories." FED. R. CIV. P. 26(b)(3). The work-product privilege applies to "documents and tangible things . . . prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney . . .)." *Id.*

Here, the Interrogatories seek disclosure of factual information, not Plaintiff's legal theories, conclusions or mental impressions. Specifically, Interrogatory 14 requests "chronologically and in

full detail [Plaintiff's] version of the subject matter of the complaint, including the exact location, dates and times of any relevant incidents."  (Pl.'s Br., Ex. B at 13).  Similarly, Interrogatory 15 requests "all facts" upon which Plaintiff relies in support of his allegations.  (*Id.*, Ex. B at 14).  Such factual information, which is material and non-privileged, is discoverable under Rule 26(b)(1).[3] *See e.g. In re Cendant Corp. Secs. Litig.*, 343 F.3d 658, 662 (3d Cir. 2003) (noting that Rule 26(b)(3) "does not bar discovery of facts a party may have learned from documents that are not themselves discoverable").  The Interrogatories do not request that Plaintiff disclose how he intends to use the facts in proving his claims.  Nor does the District seek materials that were prepared in anticipation of litigation.  Notably, Plaintiff himself states that he is "willing to provide specific factual-type information as appropriate."  (Pl.'s Br., Ex. A).  Moreover, the Court rejects Plaintiff's alternative arguments as he fails to provide factual and legal support for these propositions.  Consequently, Judge Bongiovanni's April 25, 2005 Order directing Plaintiff to answer the Interrogatories is affirmed.

## C.    September 1, 2005 Order Regarding Hospital Records

Generally, communications between a physician and patient are privileged under New Jersey statute. N.J. STAT. ANN. § 2A:84A-22.2; *see Stempler v. Speidell*, 495 A.2d 857 (N.J. 1985).  New

---

[3]  Rule 26(b)(1) which governs the scope of discovery provides: "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1).

Jersey law further provides that waiver of the privilege may occur if "the condition of the patient is an element or factor of the claim or defense of the patient."  N.J. STAT. ANN. § 2A:84A-22.4; *see Williams v. Rene*, 72 F.3d 1096 (3d Cir. 1995).  Plaintiff argues that the magistrate judge erred by ordering Plaintiff to produce relevant hospital records because the records are protected by the physician-patient privilege.

To succeed on his motion, Plaintiff must demonstrate that the magistrate judge made a clear error by concluding that he waived the physician-patient privilege by placing his medical condition at issue after testifying that "at least one of his absences from work was the result of a medical condition for which he was hospitalized."  (September 1, 2005 Order).  The Court concludes that Plaintiff fails to meet this burden on appeal.  Plaintiff cites *Arizona & N.M.R. Co. v. Clark*, 235 U.S. 669 (1915) in support of his proposition.  This case is inapposite, as the Supreme Court analyzed Arizona and New York law as it existed in 1915 in reaching its conclusion.  Plaintiff fails to offer any additional legal or factual support to persuade this Court that Plaintiff's admissions during his testimony regarding absences from work do not constitute a waiver of privilege.  In a case involving alleged wrongful termination, Plaintiff's purported medical conditions necessarily become relevant with regard to his absences from work, as well as other claims and defenses of the lawsuit.

The Court further finds that the Order is narrowly-tailored in that Plaintiff is not required to produce the medical records at all.  Instead, Plaintiff is ordered to produce the records if he intends to rely on his medical conditions at trial.  (*See* September 1, 2005 Order) (requiring Plaintiff to produce the relevant hospital records or "he may be precluded from arguing at trial that he suffered from the medical conditions described therein").  Thus, the Court does not find this to be an abuse of discretion.  Consequently, the September 1, 2005 Order is affirmed.

**III.    CONCLUSION**

For the foregoing reasons, Plaintiff's motions are denied and the rulings of the magistrate judge are affirmed.  An appropriate form of order accompanies this Memorandum Opinion.


Dated:          December 12, 2005



                                                     s/ Garrett E. Brown, Jr.
                                                 GARRETT E. BROWN, JR., U.S.D.J.

7