<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ADAM GOODMANN, | : | |
| Plaintiff, | : | Civ. No. 04-5861 (GEB) |
| v. | : | **OPINION** |
| HASBROUCK HEIGHTS SCHOOL DISTRICT, *et al.*, | : | |
| Defendants. | : | |

<u>BROWN, C.J.</u>

This matter comes before the Court upon *pro se* Plaintiff Adam Goodmann's ("Plaintiff")

motion for leave to appeal and clarify this Court's December 12, 2005 Order affirming the decisions

of Magistrate Judge Bongiovanni as reflected in the Orders of April 25, 2005 and September 1, 2005.

The Court decided the motion based on the parties' submissions and without oral argument pursuant

to Federal Rule of Civil Procedure 78.  For the reasons set forth below, Plaintiff's motion is denied.

### BACKGROUND AND DISCUSSION[1]

On December 12, 2005, this Court affirmed Magistrate Judge Bongiovanni's April 25, 2005

and September 1, 2005 Orders requiring Plaintiff to respond to certain interrogatories and to produce

hospital records of February 2003.  The Court rejected Plaintiff's argument that the information

sought in the interrogatories constituted privileged attorney work-product.  Rather, this Court

concluded that the information sought constituted factual information to which Defendants are

---

[1] For a detailed discussion on the relevant factual background pertaining to the instant motion, see this Court's Memorandum Opinion of December 12, 2005.

entitled.  Additionally, the Court concluded that Plaintiff failed to demonstrate that the magistrate judge abused her discretion by concluding that Plaintiff waived his physician-patient privilege when he placed his medical condition at issue in this case.  Specifically, the Court noted that Plaintiff testified that "at least one of his absences from work was the result of a medical condition for which he was hospitalized." (Dec. 12, 2005 Mem. Op. at 6).  Plaintiff testified at his deposition that certain absences from work were explained by "sleep related problems" or a "temporary loss of consciousness" for which he received medical treatment.  (Defs.' Opp'n at 4).  This Court concluded that it was within the magistrate judge's discretion to order Plaintiff to produce the relevant hospital records pertaining to these medical conditions, or in the alternative, Plaintiff would be precluded from arguing at trial that he suffered from such conditions.

Although Plaintiff entitles his motion as a "Request for Clarification and/or Appeal Certification of the Presiding Judge's Order Entered December 13, 2005," the instant motion is essentially one for reconsideration based on the arguments set forth in Plaintiff's brief.  The standard for reconsideration is high and reconsideration is to be granted only sparingly.  *United States v. Jones,* 158 F.R.D. 309, 314 (D.N.J. 1994).  In the District of New Jersey, Local Civil Rule 7.1(I) governs motions for reconsideration.  L. CIV. R. 7.1(I).  The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *N. River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).  The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter.  *United States v. Compaction Sys. Corp.*, 88 F.

2

Supp. 2d 339, 345 (D.N.J. 1999); *see also* L. Civ. R. 7.1(I).  "The word 'overlooked' is the operative term in the Rule."  *Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001) (citation omitted).

Reconsideration is not available for a party seeking merely to reargue matters already addressed by the Court.  *See G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990).  A motion that merely raises disagreement with the Court's initial decision is not an appropriate reconsideration motion, but should be dealt with in the normal appellate process.  *Bowers*, 130 F. Supp. 2d at 612 (citations omitted); *see also Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.,* 680 F. Supp. 159, 163 (D.N.J. 1988).  In other words, "[a] motion  for reconsideration should not provide the parties with an opportunity for a second bite at the apple."  *Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 533 (D.N.J. 1998) (citation omitted).

As a preliminary matter, the Court will not consider Plaintiff's reply brief.   "[R]eply and further briefs are not permitted without permission."  *See* L. Civ. R. 7.1, Cmt. 6(c) (Gann 2005); *see also Chiniewicz v. Henderson*, 202 F. Supp. 2d 332, 334 n.2 (D.N.J. 2002) ("Defendant's reply brief is an improper attempt to get a third bite of the proverbial apple.").  Because Plaintiff failed to obtain permission to file a reply brief from this Court, it is stricken from the record.  Moreover, even if the reply brief were considered, Plaintiff's unpersuasive reiteration would not change this Court's ruling.

Turning to the substantive aspects of the motion, Plaintiff has not met the high standard for a motion for reconsideration.  Plaintiff merely reargues his position set forth in his initial motion.  Plaintiff fails to cite any intervening change in the controlling law which would warrant a different conclusion by this Court.  Nor has Plaintiff demonstrated that this Court overlooked any factual or legal issue, or that manifest injustice would result if Plaintiff's motion is denied.

Lastly, Plaintiff asks this Court to grant certification for interlocutory appeal.  Plaintiff, however, fails to provide a sufficient basis for his request.  Instead, Plaintiff merely states in a conclusory manner that he did not intend to waive any privilege and that actions taken by this Court may have "likely irreversible effects."  (Pl.'s Br. at 5).  This conclusory statement is wholly inapt.  Consequently, Plaintiff's request is denied.

## CONCLUSION

For the reasons stated above, the Court denies Plaintiff's motion for reconsideration and request for certification.  An appropriate form of Order accompanies this Memorandum Opinion.


Dated:          March 29, 2006


                                        s/ Garrett E. Brown, Jr.
                                        GARRETT E. BROWN, JR., U.S.D.J.

4