NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ADAM GOODMANN, *pro se*, | : |
| Plaintiff, | : Civ. No. 04-5861 (GEB) |
| v. | : **MEMORANDUM OPINION** |
| HASBROUCK HEIGHTS SCHOOL DISTRICT, *et al.*, | : |
| Defendants. | : |

**BROWN, Chief Judge**

This matter comes before the Court upon the motion of plaintiff Adam Goodmann ("Plaintiff") appealing Magistrate Judge Bongiovanni's Order entered January 17, 2006. The Court, having considered the parties' submissions and decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons set forth below, will affirm entry of the Order.

**I.    BACKGROUND**

Plaintiff commenced this action on November 29, 2004, against defendants Hasbrouck Heights School District ("the District") and Alan C. Stephens, Esq., Deputy Attorney General for the State of New Jersey. Plaintiff alleged due process, breach of contract, and wrongful discharge claims as a result of the termination of his employment as a teacher.

On or about December 2, 2005, the District filed an informal motion with the magistrate judge, seeking an order barring Plaintiff's expert report for lateness or, in the alternative, compelling

Plaintiff to produce the expert's full name and address and his availability and fee requirements for depositions.  (See Certification of Donald T. Okner, Exhibit C.)  On or about December 5, 2005, Plaintiff sent a letter in opposition to the motion.  (See id. at Exhibit D.)  On December 16, 2005, Magistrate Judge Bongiovanni issued an Order granting the District's motion compelling production of the complete name and address of Plaintiff's expert and further ordering that Plaintiff shall produce the curriculum vitae of the expert by December 27, 2005.  (See id. at Exhibit E.)  On or about January 5, 2006, Plaintiff's expert himself sent a noncomplying letter via fax to the magistrate judge and to the District.  (See id. at Exhibit F.)

On or about January 11, 2006, the District filed an informal motion seeking relief for Plaintiff's failure to comply with the magistrate judge's December 16, 2005 Order.  (See id. at Exhibit G.)  On January 17, 2006, Magistrate Judge Bongiovanni entered an Order compelling Plaintiff to comply with the Court's December 16, 2005 Order by January 23, 2006, and stating that a failure to do so may result in sanctions.  (See id. at Exhibit H.)

On or about January 26, Plaintiff filed the instant appeal of the magistrate judge's January 17, 2006 Order.

## II. DISCUSSION

### A. Standard of Review

A district court may reverse a magistrate judge's determination of a non-dispositive issue only if it is "clearly erroneous or contrary to law."[1]  28 U.S.C. § 636(b)(1)(A); see also FED. R. CIV.

---

[1] A party objecting to a magistrate judge's order may, within ten days of service of the order, serve and file objections with the district judge.  FED. R. CIV. P. 72(a); L. CIV. R. 72.1(c)(1)(A).

P. 72(a); L. Civ. R. 72.1(c)(1); see also Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1113 (3d Cir. 1986), cert. denied, 484 U.S. 976 (1987); Lithuanian Commerce Corp. v. Sara Lee Hosiery, 177 F.R.D. 205, 213-14 (D.N.J.1997). A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Lo Bosco v. Kure Eng'g Ltd., 891 F. Supp. 1035, 1037 (D.N.J. 1995)(quoting United States v. U. S. Gypsum Co., 333 U.S. 364, 395 (1948). A district court may not take into consideration any evidence that was not put forth before the magistrate judge when reviewing the magistrate judge's factual determination. Haines v. Liggett Group, Inc., 975 F.2d 81, 92 (3d Cir. 1992). Under the clearly erroneous standard, the reviewing court will not reverse the magistrate judge's determination even if the court might have decided the matter differently. Cardona v. Gen. Motors Corp., 942 F. Supp. at 971 (quoting Toth v. Alice Pearl, Inc., 158 F.R.D. 47, 50 (D.N.J. 1994). The court, however, will review a magistrate judge's legal conclusions under *de novo* review. Cooper Hosp./Univ. Med. Ctr. v. Sullivan, 183 F.R.D. 119, 127 (D.N.J. 1998) (citations omitted).

"Where a magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of that discretion." Id.; see also 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure: Civil 2d § 3069 (2d ed. 1997)("many matters such as discovery scheduling or disputes might better be characterized as suitable for an abuse-of-discretion analysis"). The deferential standard of review is particularly appropriate in the case where the magistrate judge managed the case from the outset, and thus has a thorough knowledge of the proceedings. Cooper Hosp., 183 F.R.D. at 127 (quoting Public Interest Research Group v. Hercules, Inc., 830 F. Supp. 1525, 1547 (D.N.J. 1993), aff'd on other grounds and

3

rev'd on other grounds, 50 F.3d 1239 (3d Cir.1995)).

**B.  The Magistrate Judge's Order Was Not Clearly Erroneous Nor Contrary to Law**

Plaintiff first alleges that Plaintiff's expert met the initial disclosure requirements pursuant to Plaintiff's letter of December 5, 2005, purportedly providing the expert's availability and hourly rate.  (See Pl.'s Br. at PV3-PV4.)  However, the record before the Court demonstrates that Plaintiff did not comply with the Orders requiring him to produce the complete name and address and curriculum vitae of the expert.  As set forth above, the determination of Plaintiff's compliance with discovery requests is addressed to the discretion of the magistrate judge and given the evident failure of Plaintiff to comply with two Orders of the magistrate judge, the Court finds no abuse of discretion which would support vacation of the magistrate judge's Order again compelling Plaintiff to comply with discovery requests.

Next, Plaintiff alleges that Plaintiff's expert's address should remain confidential so as to avoid having defense counsel contact him directly.  However, the prior Orders of the magistrate judge required Plaintiff to provide the complete address so that the District may "investigate his background prior to deposing him."  (See District's Br. at 10.)  Furthermore, contrary to Plaintiff's allegations, the Court finds no grounds to suspect the District of seeking to harass Plaintiff's expert by contacting him directly.  Therefore, this point on appeal does not provide a sufficient basis to vacate the magistrate judge's Order

Finally, Plaintiff alleges that the January 17, 2006 Order inequitably maintained the deadlines from the March 3, 2005 Scheduling Order.  However, on February 17, 2006, the magistrate judge entered an amended scheduling order adjusting deadlines for the parties' respective pretrial memoranda that renders this point moot.

4

Consequently, Judge Bongiovanni's January 17, 2006 Order is affirmed.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's appeal is denied and the January 17, 2006 Order of the magistrate judge is affirmed. An appropriate form of order accompanies this Memorandum Opinion.

Dated: April 4, 2006

                                                          s/ Garrett E. Brown, Jr.  
                                                       GARRETT E. BROWN, JR., U.S.D.J.