**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| ADAM GOODMANN, | : | |
| | : | Civ. No. 04-5861 (GEB) |
| Plaintiff, | : | |
| | : | **MEMORANDUM OPINION** |
| v. | : | |
| | : | |
| HASBROUCK HEIGHTS SCHOOL | : | |
| DISTRICT, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**BROWN, C.J.**

This matter comes before the Court upon *pro se* Plaintiff Adam Goodmann's ("Plaintiff")
appeal [Docket Entry # 108] of Magistrate Judge Bongiovanni's Order of June 21, 2006 [Docket
Entry # 103]. The Court decided the motion without oral argument pursuant to Federal Rule of Civil
Procedure 78. Having considered Plaintiff's written submissions, and for the reasons set forth
below, this Court affirms.

### BACKGROUND AND DISCUSSION

In light of the parties' familiarity with the factual background of this case, the Court will only
recite the relevant facts here. On February 17, 2006, Judge Bongiovanni entered an Amended
Scheduling Order setting forth certain deadlines, including the following: 1) Plaintiff's Pretrial
Memoranda due by July 7, 2006; and 2) Defendant Hasbrouck Heights School District's
("Defendant") Pretrial Memoranda due by July 14, 2006. The deadline for filing summary judgment

motions was set for May 26, 2006 with a return date of June 19, 2006.  (*See* Feb. 17, 2006 Order at 1-2).  Judge Bongiovanni subsequently reaffirmed these deadlines in an Order dated April 12, 2006.

On June 19, 2006, Plaintiff submitted a letter to Judge Bongiovanni requesting that the deadline for filing his Pretrial Memoranda "be deferred until a reasonable time after the Summary Judgement (sic) Motions have been decided." (Pl.'s Br., Ex. 1 at 1).  On June 21, 2006, Judge Bongiovanni denied Plaintiff's request noting that the filing dates were set forth in both the February 17, 2006 and April 12, 2006 Orders.  On June 30, 2006, Plaintiff filed the instant appeal.  By letter dated July 5, 2006, Defendant requests that the Court grant a comparable extension to file its Pretrial Memoranda should Plaintiff fail to abide by the July 7, 2006 deadline.

A district court may reverse a magistrate judge's determination of a non-dispositive issue only if it is "clearly erroneous or contrary to law."[1]  28 U.S.C. § 636(b)(1)(A); *see also* FED. R. CIV. P. 72(a); L. CIV. R. 72.1(c)(1); *see also*, *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1113 (3d Cir. 1986), *cert. denied*, 484 U.S. 976 (1987); *Lithuanian Commerce Corp. v. Sara Lee Hosiery*, 177 F.R.D. 205, 213-14 (D.N.J.1997).  A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *Lo Bosco v. Kure Eng'g Ltd.,* 891 F. Supp. 1035, 1037 (D.N.J. 1995) (quoting *United States v. U. S. Gypsum Co.,* 333 U.S. 364, 395 (1948)).  Under the clearly erroneous standard, the reviewing court will not reverse the magistrate judge's determination even if the court might have decided the matter differently.  *Cardona v. Gen. Motors Corp.*, 942 F. Supp. at 971 (quoting *Toth v. Alice Pearl, Inc.*, 158 F.R.D. 47, 50 (D.N.J. 1994)).

---

[1]  A party objecting to a magistrate judge's order may, within ten days of service of the order, serve and file objections with the district judge.  FED. R. CIV. P. 72(a); L. CIV. R. 72.1(c)(1)(A).

In the present case, Plaintiff fails to convince the Court that a reversal of the magistrate judge's ruling is warranted. Plaintiff fails to identify any basis upon which this Court can conclude that Judge Bongiovanni's denial of Plaintiff's request for an extension of time amounts to clear error. Rather, Plaintiff merely complains that it is "inefficient and confusing" to file Pretrial Memoranda prior to the resolution of the summary judgment motions and that he is overburdened by being required to prepare both his opposition to Defendant's summary judgment motion and his Pretrial Memoranda at the same time. (Pl.'s Br. at 3). Plaintiff's complaints are clearly insufficient to warrant reversal, particularly in light of Plaintiff's knowledge of the July 7, 2006 deadline since February of this year. Consequently, the Court affirms the decision of the magistrate judge.


## CONCLUSION

For the foregoing reasons, Plaintiff's appeal is denied and Judge Bongiovanni's June 21, 2006 ruling is affirmed. An appropriate form of Order accompanies this Memorandum Opinion.


Dated:          July 10, 2006



                                    s/ Garrett E. Brown, Jr.
                                 GARRETT E. BROWN, JR., U.S.D.J.